UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.   CASE NO.:   8:08-cr-535-T-23MAP

MELISSA NICOLAU
_____/

## **ORDER**

Melissa Nicolau pleaded guilty to counts four and six of the indictment charging violations of Section 18 U.S.C. § 924(c)(1)(A)(ii), brandishing a firearm during a crime of violence, which crimes resulted in a statutory minimum mandatory of thirty-two years comprising (a) seven years as to count four and (b) a consecutive twenty-five years as to count six. On June 29, 2009, the United States' motion to recognize Nicolau's substantial assistance was granted, and Nicolau was sentenced to one hundred twenty months-- (a) thirty-six months as to count four and (b) a consecutive eighty-four months as to count six.[1] Nicolau did not appeal.

Nicolau moves (Doc. 62) pursuant to 18 U.S.C. § 3582(c)(2) for "re-sentencing more in compliance with the facts and case law presented herein . . . holding that

---

[1] The Judgment was signed and filed on July 1, 2009.

defendants are not subject to mandatory consecutive sentences 'if' they are also convicted of an additional offense with a greater statutory sentence."[2]

Section 3582(c)(2) provides that:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

However, Nicolau identifies no amendment that lowers a sentencing guideline range that applies to her. Nicolau's motion is **DENIED**.

ORDERED in Tampa, Florida, on June 23, 2010.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[2] Nicolau cites <u>United States v. Almany</u>, 598 F.3d 238 (6th Cir. 2010), and <u>United States v. Whitley</u>, 529 F.3d 150 (2d Cir. 2008), and states that "the government committed 'plain error' by subjecting her to consecutive sentences which extends her sentence unreasonably, violating her Constitutional rights against cruel and unusual punishment and due process." Nicolau's argument is without merit. See <u>United States v. Moses</u>, 2010 WL 2079693 (11th Cir. 2010), <u>United States v. Rawlings</u>, 821 F.2d 1543, 1546-47 (11th Cir. 1987), and <u>Deal v. United States</u>, 508 U.S. 129, 113 S. Ct. 1993, 124, L.Ed.2d 44 (1993).